## HANAU v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

1. CARRIERS—STREET RAILROADS—INJURIES TO PEDESTRIANS—PREMATURE START —ACTIONS—INSTRUCTIONS.

Where, in an action for injuries to a passenger while boarding a street car, his evidence that the car was still when he attempted to board it, and was started with a sudden jerk, was uncorroborated, and was contradicted by three other witnesses, it was error to charge that in determining the weight of the evidence the jury might consider whether it was reasonable to believe that people of plaintiff's age would run for a car and try to board it, and "whether people do that sort of thing" in the city where the accident occurred.

2. SAME—EXCEPTIONS.

In an action for injuries to a passenger the court charged that the jury might consider whether it was reasonable to believe that a man of plaintiff's age would run for a car and try to board it, and "whether people do that sort of thing in the city of New York." Defendant's counsel excepted to that portion of the charge "that the jury may consider the inference from their own daily experiences whether these things do occur or not in the city of New York in their daily travel." Plaintiff's counsel thereupon denied that the court had used such language, when the court stated that he heard what defendant's counsel said, and submitted the question to the jury. Held a sufficient exception to the instruction given.

Appeal from Trial Term, New York County.

Action by Philip Hanau against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Bayard H. Ames, for appellant.
John M. Stearns, for respondent.

INGRAHAM, J.  The plaintiff, 77 years of age, testified that he attempted to board one of the cars of the defendant on Third avenue, between 124th and 125th streets, in the city of New York; that the car was at a standstill; that he put his foot on the car, when the car started, and threw him upon the street.  The plaintiff's testimony was entirely uncorroborated, and was contradicted by two employés of the defendant and a member of the fire department, who was a passenger on the car.  The court submitted the case to the jury, who found a verdict in favor of the plaintiff.  It is a serious question whether the verdict is not against the weight of evidence.  There is one portion of the charge to the jury which possibly explains this verdict, which was excepted to, and which requires us to order a new trial.  The learned trial court called the attention of the jury to the fact that the plaintiff was an interested witness, and was not corroborated by any direct evidence, and then continued:

"We may draw the reasonable inferences which, as reasonable men of the world, we are apt and accustomed to draw, and put them alongside of, or connected with, the facts proved, and say whether the story is probable, is reasonable, or improbable or impossible.  Each side asks you to draw an inference.  The plaintiff says: Is it reasonable to believe that a man of this age would run after a car and try to board it?  You can ask yourselves the question whether people do that sort of thing in the city of New York."

Counsel for the defendant excepted, saying:

"We except to that portion of your honor's charge wherein you say, when speaking in relation to the conductor's starting the car before the passenger was fully on, that the jury may draw the inference from their own daily experiences whether these things do occur or not in the city of New York in their daily travel."

Counsel for the plaintiff then said: "Your honor used no such language as that.  The Court: I heard what Mr. Wellman said"—whereupon the question was submitted to the jury.  While this statement of the counsel for the defendant did not reproduce exactly what the court said, still it is quite clear that counsel intended to except to this portion of the charge to which we have referred.  The attention of the court was expressly called to that portion of the charge, and I think it was clearly error to allow the jury to consider what they thought people did in the city of New York in deciding the case.  The jury were instructed that they could ask themselves the question whether people do that which the witnesses testified that the plaintiff did.  We cannot tell what influence this had on the jury, but it might well be that the jury would consider that people in New York did not run after these street cars, and that the story told by the witnesses for the defendant was not, therefore, a true account of the transaction.  The plaintiff was the person most interested in the result of the trial.  The two employés of the defendant who testified on its behalf had not the same interest in the result that the plaintiff had; and the testimony of the member of the fire department, a passenger upon the car, and who saw the accident, directly contradicts the plaintiff's account of the accident.

Where the jury, in this state of evidence, decides in favor of the uncorroborated story of the plaintiff, if there is substantial error in submitting the case to the jury we are obliged to order a new trial.

It follows that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur on the ground that the verdict is against the weight of evidence.